UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

C.H., by and through his Parents and
Next Friends, M.T. and J.H.,

    Plaintiffs,

v.

OSWEGO COMMUNITY UNIT SCHOOL DISTRICT 308;
NEXUS-INDIAN OAKS FAMILY HEALING; AND
ILLINOIS STATE BOARD OF EDUCATION,

    Defendants.

Case No. 1:21-cv-04980

Honorable _____

---

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff C.H. (the Student), a minor, by and through his Parents and Next Friends, M.T. and J.H. (the Parents), brings this civil action against Defendants Oswego Community Unit School District 308 (the District), Nexus-Indian Oaks Family Healing (Nexus), and the Illinois State Board of Education (ISBE) (collectively, Defendants) in order to protect his rights pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq*. Plaintiffs contend that Defendants are currently violating the Student's right to a free appropriate public education (FAPE) as mandated by the IDEA by planning to discharge him from his current placement without any alternative placement option available to meet his significant needs.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 20 U.S.C. §§ 1415(i)(2)(A) and 1415(i)(3)(A), which provide the District Courts of the United States with jurisdiction over any action brought under the IDEA without regard to the amount in controversy. This Court also has

jurisdiction over this action pursuant to 28 U.S.C. § 1331, based upon the federal question raised herein, and 28 U.S.C. § 1343, because this action is brought to vindicate Plaintiffs' civil rights under the IDEA. There is a present and actual controversy between the parties to this action. To the extent required by law, Plaintiffs have exhausted administrative remedies related to the issues raised herein.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as Plaintiffs reside within the Northern District of Illinois and all events and omissions giving rise to this Complaint occurred in the Northern District of Illinois.

### III. PARTIES

4. Plaintiff C.H. was born on October 25, 2005. His permanent residence is with his parents, M.T. and J.H., within the jurisdictional boundaries of Oswego Community Unit School District 308. C.H. is a child with disabilities. At all times relevant to this Complaint, C.H. was eligible to receive special education and related services as a child with a disability under the IDEA. 34 C.F.R. § 300.8.

5. Plaintiffs M.T. and J.H. are the parents and legal guardians of C.H. They reside within the jurisdictional boundaries of Oswego Community Unit School District 308.

6. Defendant Oswego Community Unit School District 308 is a local education agency (LEA) subject to the provisions of the IDEA and is thus responsible for providing C.H. with a FAPE and the procedural protections required therein. 20 U.S.C. §§ 1400-1419.

7. Defendant Illinois State Board of Education is the state education agency (SEA) with general supervisory responsibility to ensure that children with disabilities receive a FAPE under the IDEA, including children placed in private facilities. 34 C.F.R. §§ 300.118; 146; 149.

8. Defendant Nexus-Indian Oaks Family Healing is a private residential treatment program that is approved by the Illinois State Board of Education to provide special education and related services to students with disabilities. Nexus operates a school within its facility called Safe Harbor School.

### IV. FACTS

9. C.H. is a 15-year-old young man who has multiple severe disabilities, and a history of trauma. (*See* Exhibit A – Parent's Affidavit Related to All Facts in Complaint).

10. On September 21, 2020, C.H. was placed at Nexus as the result of a juvenile court proceeding against him in which he was placed in the custody of the Illinois Department of Juvenile Justice (IDJJ). He has remained at Nexus since that time and through the date of this filing.

11. On February 25, 2021, the District created an IEP for C.H. that indicated placement at Nexus and Safe Harbor School. (*See* Exhibit B – Pages from 2/25/21 IEP). Upon information and belief, the District has assumed financial responsibility for the tuition costs of C.H.'s placement at Nexus and IDJJ has paid for the room and board costs.

12. According to IDJJ, the Illinois Juvenile Court Act dictates that C.H. will have served his statutory sentence and therefore will be released from the agency's custody on September 21, 2021. As a result, Nexus has informed the Parents that C.H. will be discharged from their program on the same day.

13. The Parents have worked diligently, in collaboration with the District to attempt to find an appropriate residential placement for C.H. to transition to from Nexus, but they have been unsuccessful in finding a program that will accept him at all, let alone by September 21. (*See* Exhibit A).

14. The Parents have requested that Nexus maintain C.H.'s placement for an additional period of time to allow them to find a new placement for him, but Nexus has inappropriately refused to do so. Nexus has indicated that it will discharge C.H. from its facility on September 21, 2021 at approximately 1:00 p.m.

15. Upon information and belief, the District is willing to continue to pay for C.H.'s placement at Nexus, but Nexus is refusing to maintain the placement. ISBE is also responsible for ensuring that a child with a disability receives a FAPE under the IDEA, including residential placement if necessary.

16. Plaintiffs filed an Expedited Due Process Hearing Request against Defendants on September 20, 2021 in order to challenge the inappropriate change of placement of C.H. (*See* Exhibit C– Due Process Hearing Request).

17. When the Hearing Request was filed, the stay-put provision of the IDEA was automatically invoked and Defendants were required to maintain C.H.'s placement at Nexus while the Hearing Request was pending. 20 U.S.C. § 1415(j).

18. Defendant ISBE is also in the untenable position of being the administrative body responsible for coordinating the parties' Due Process Hearing. In response to Plaintiffs' filing of their Due Process Hearing Request, ISBE sent two emails indicating that a Hearing Officer would not likely be able to address this issue prior to Nexus's scheduled discharge of C.H. and stating that ISBE could not take any steps at all to open a case until Defendant District submits notice of the Hearing Request to ISBE directly. (Exhibit D – 9/20/21 Correspondence with ISBE).

19. Plaintiffs have attempted to confirm that Defendant Nexus will follow the requirements of the IDEA stay-put provision, but Nexus has ignored these requests for confirmation. (Exhibit E – 9/20/21 Correspondence with Nexus)

20. C.H. is at serious and immediate risk of having no program or placement to meet his needs, which would result in an absence of educational programming, likely regression of academic and emotional functioning, and a denial of FAPE, as well as a risk of harm to himself and others.

21. Nexus is the only appropriate placement currently available to meet C.H.'s needs. If Defendants are not ordered to maintain him in that placement by September 21, 2021 at approximately 1:00 p.m., the Parents will be forced into an untenable position. They will either have to receive physical custody of C.H. and bring him home, thus endangering C.H., his siblings, and possibly other children at school or in the community, or they will have to allow the Illinois Department of Children and Family Services (DCFS) to take custody of C.H. (Exhibit A). In either case, irreparable harm will result and C.H.'s right to a FAPE under the IDEA will be violated. Either result would be a significant change of placement for C.H., in violation of the stay-put provision of the IDEA. By deferring a decision until the District requests the appointment of an Impartial Hearing Officer, ISBE has effectively determined this outcome, thus necessitating immediate action by this Court.

## V. ARGUMENT

**A. Nexus-Indian Oaks is the Least Restrictive Appropriate Educational Placement to Meet C.H.'s Needs and Removal from Nexus-Indian Oaks would Result in a Denial of FAPE.**

22. Nexus is a unique program that specializes in providing individualized treatment for children who have exhibited sexually problematic behaviors, such as C.H. (Exhibit F – Program Description).

23. C.H. has made significant progress since he began attending this program. However, he has not progressed to the point where it would be appropriate to place him in a less restrictive or different program.

24. Further, the only current alternative to maintaining C.H.'s placement at Nexus is that he will be sent home without any plan for the supervision and support required by his IEP. Although the Parents and District have worked collaboratively to attempt to find a new residential placement for C.H., there is no such placement available as of this filing.

25. If C.H. is discharged, the Parents would do their best to provide supervision, but it would be impossible for them to adequately supervise him 24/7 or assure his safe behavior, let alone replicate the specialized and intensive 24-hour supports and supervision provided by a residential program like Nexus. Without appropriate supervision in the past, C.H. has ended up in situations that have put his health and safety and the health and safety of others at risk.

26. If C.H. were to be removed from Nexus at this time, it would result in a significantly less stable situation and likely regression of the progress he has made at Nexus over the past year. Discharging C.H. from Nexus would remove him from the environment where he has come to feel safe and made significant progress and effectively eliminate all educational programming. Therefore, the only way to provide C.H. with a FAPE at this time is to maintain his placement at Nexus.

27. The District, ISBE, and Nexus have an obligation under the IDEA to provide C.H. with an appropriate educational placement.

28. The District has correctly determined that residential placement at Nexus is the appropriate placement for C.H., as indicated in the February 2021 IEP (Exhibit B). In addition, the

District has expressed to the Parents that they would be willing to continue paying for placement at Nexus, if Nexus would agree not to discharge C.H. as currently scheduled.

29. While the District has also attempted to fulfill its statutory obligation by searching for an appropriate alternative placement for C.H. to transition to from Nexus, those efforts have been unsuccessful.

30. The District currently has no appropriate educational placement to offer C.H. upon his scheduled discharge from Nexus on September 21, 2021.

31. As of this filing, Nexus is the only appropriate placement available to meet C.H.'s needs. As such, Defendants are required to maintain his placement at Nexus in order to provide him with a FAPE.

**B. Discharging C.H. from Nexus-Indian Oaks would Violate the Stay-Put Provision of the IDEA.**

32. Stay-put requires that during the pendency of any administrative or judicial proceeding regarding the provision of FAPE to a child with a disability, "the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). This stay-put provision operates as an **automatic statutory injunction**. *Casey K. v. St. Anne Comm. High Sch. Dist. No. 302*, 400 F.3d 508, 511 (7th Cir. 2005) (citing *Honig v. Doe*, 484 U.S. 305, 326-27) (Emphasis added). As such, it is not necessary for the Parents to satisfy the usual prerequisites for a preliminary injunction for a statutory injunction to issue in this case.

33. An analysis of stay-put simply requires a determination of the student's last mutually agreed upon educational placement. *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78 (3d Cir. 1996). Plaintiffs filed their Due Process Hearing Request prior to the proposed change of placement taking effect. Therefore, the stay-put provision of the IDEA requires that C.H.'s placement at Nexus be maintained during the pendency of this dispute. There can be no dispute

that Nexus is the last mutually agreed upon placement that C.H. attended. The District recorded this placement in C.H.'s February 2021 IEP (Exhibit B), and he has been attending Nexus up through and including the date of this filing. His IEP indicates that the District will maintain this placement until at least February 2022.

34. The key in determining if a new or different placement satisfies stay-put is whether such placement would genuinely alter the student's educational program by eliminating or fundamentally changing one of its basic elements. *D.K. v. District of Columbia*, 61 IDELR 292 (D.D.C. 2013).

35. Removal from Nexus would be a material and substantial change of placement for C.H. As described above, Nexus is a unique specialized program designed to address C.H.'s specific individual needs. In addition, no other program or placement has been identified where C.H. could be placed.

36. Discharging C.H. from Nexus would result in a fundamental alteration of his current programming as he would not have any placement or program at all. This result would be a violation of the stay-put requirement of the IDEA.

37. Stay-put was "designed to preserve the status quo pending resolution of administrative and judicial proceedings under the Act." *Doe v. Brookline Sch. Comm.,* 722 F.2d 910, 915 (1st Cir. 1983) (citing *Honig v. Doe,* 484 U.S. 305, 312 (1988)). *See also Bd. of Educ. of Community High Sch. Dist. No. 218 v. Ill. St. Bd. of Educ.*, 103 F.3d 545, 548 (7th Cir. 1996); *Ms. S. ex rel. G. v. Vashon Island Sch. Dist.,* 337 F.3d 1115, 1133 (9th Cir. 2003).

38. Forcing C.H. to leave Nexus would be an extreme change and run counter to the purpose of the stay-put provision. The IDEA requires that C.H.'s placement at Nexus be

maintained during the pendency of this dispute to preserve the status quo and avoid a denial of FAPE under the IDEA.

      **C.**      **Nexus-Indian Oaks is Subject to Stay-Put under the IDEA and Illinois Law.**

39. Although Nexus is private facility, it is an ISBE-approved placement (Exhibit G) that accepts students funded through ISBE into its program, including C.H.

40. Upon information and belief, Nexus has accepted public funds from the District for the educational costs of C.H.'s placement.

41. When a private school is approved by ISBE to provide special education services, it must agree to follow both federal and Illinois laws regarding the education of students with disabilities. 23 Ill. Admin. Code § 401.10(a)(5)(A)(iv). Nexus subjected itself to federal and Illinois law when it applied and became approved by ISBE to provide special education services to Illinois students.

42. In addition, upon information and belief, the District receives federal "flow through dollars" both as part of its overall state funding for special education and specifically as reimbursement by ISBE for the costs of private residential placements, like C.H.'s placement at Nexus.

43. Further, Nexus has contractually agreed to provide special education services through its agreement to provide educational programming to C.H. as funded by the District. As such, Nexus is also bound by all the FAPE and procedural requirements of the IDEA, including the stay-put placement provision. Nexus is thus obligated maintain C.H.'s placement in its program while this hearing is pending.

44. Case law has also established that both federal and state law require Nexus to comply with the stay-put requirement of the IDEA and to maintain C.H.'s placement in their

program during the pendency of this dispute. *See e.g., P.N. v. Greco*, 282 F. Supp. 2d 221, 237 (D.N.J. 2003) ("a private school accepting placements of students protected by the IDEA . . . is subject to IDEA regulations, and it can therefore be held liable under the IDEA for its failure to comply with IDEA rules in connection with the termination of [a student's] placement.").

45. The IDEA stay-put requirement also supersedes state regulations regarding private schools' ability to terminate a child's placement. *See Agawam Public Schools*, 65 IDELR 247 (SEA MA 2015) (Residential placement was the child's stay-put placement and the private program could not proceed with a "planned termination" while due process proceedings continued).

46. Therefore, as an ISBE-approved private placement, Nexus is bound by the IDEA and Illinois law to abide by the stay-put requirement of the IDEA and to maintain C.H.'s placement during the pendency of this dispute.

## VI. REQUESTED RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

A. Find that Defendants' decision to discharge C.H. from Nexus without an appropriate alternative placement or program available to meet his needs is a substantial change of placement, in violation of the IDEA;

B. Issue an emergency statutory stay-put injunction, ordering Defendants to maintain C.H.'s placement at Nexus pending a final disposition of this matter;

C. Order Defendants to pay Plaintiffs' reasonable attorneys' fees and costs incurred in bringing this action; and

D. Order any other and further relief, both legal and equitable, that this Court may deem just and proper.

Respectfully submitted on this 20th day of September, 2021,

            M.T. and J.H. on behalf of their son, C.H.,

            By their attorneys,

            */s/ Matthew D. Cohen*
            Matthew D. Cohen

            */s/ Bradley J. Dembs*
            Bradley J. Dembs

            Matt Cohen & Associates, LLC
            155 N. Michigan Ave., Suite 715
            Chicago, IL 60601
            (866) 787-9270
            matt@mattcohenandassociates.com
            brad@mattcohenandassociates.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter. I also served the foregoing via email upon:

**Illinois State Board of Education**

>Jeremy Duffy, Legal Officer
>jduffy@isbe.net

**Nexus-Indian Oaks**

>Arwa Sons, Clinical Director
>asons@nexusindianoaks.org
>
>Brooke Sanchez, Aftercare Coordinator
>bsanche@nexusindianoaks.org

**Oswego Community Unit School District 308**

>Teri Engler, Counsel for District
>tengler@ecbslaw.com

*/s/ Bradley J. Dembs*
Bradley J. Dembs
Matt Cohen & Associates, LLC
155 N. Michigan Ave., Suite 715
Chicago, IL 60601
(866) 787-9270
brad@mattcohenandassociates.com